**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHANG YAN, | No. 08-73948 |
| Petitioner, | Agency No. A099-364-835 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2013[**]
San Francisco, California

Before: NOONAN, TASHIMA, and GRABER, Circuit Judges.

Chang Yan petitions for review of an order of the Board of Immigration

Appeals ("BIA") affirming the immigration judge's ("IJ") denial of Yan's

application for asylum, withholding of removal, and relief under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

Against Torture ("CAT"). Yan's application centered on his allegation that he was persecuted for practicing Christianity in China. Our analysis is governed by the REAL ID Act, and we deny the petition for review.

Yan primarily argues that the IJ's adverse credibility finding was not supported by substantial evidence. We disagree. Under the REAL ID Act, "[i]nconsistencies no longer need to 'go to the heart' of the petitioner's claim to form the basis of an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010) (citing 8 U.S.C. § 1158(b)(1)(B)(iii)). Thus, "even minor inconsistencies, in proper circumstances, will support an adverse credibility determination." *Id*. at 1043 n.4.

Here, the IJ identified several inconsistencies that properly supported the ruling. For example, in his written application, Yan stated that, after his arrest, police officers first brought him into a room, then told him to empty his pockets, and then handcuffed him. But at the hearing, Yan testified that he was handcuffed before entering the room. The handcuffs were then removed and he emptied his pockets, and finally he was handcuffed again. Although "a mere lack of detail in the initial asylum application that the applicant later clarifies at the immigration hearing cannot serve as a basis for an adverse credibility finding," *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011), Yan did not testify that his testimony

-2-

was a clarification of his asylum application. Instead, when asked about the inconsistency, he "remembered it wrong."

Yan also testified inconsistently about his route of travel to the United States. In his written application, he stated that he had gone from Hong Kong to Mexico to San Diego. At the hearing, he testified that he had gone from Hong Kong, to South Korea, to Los Angeles, to Mexico, and then finally back to the United States. The IJ relied on several other inconsistencies regarding, for example, Yan's employment and education.

Taken together, though some of these inconsistencies and omissions do not go to the heart of Yan's claim, they support the IJ's adverse credibility finding under the REAL ID Act. Thus, we are not "compelled to conclude" that the IJ's credibility finding was erroneous. 8 U.S.C. § 1252(b)(4)(B).

Because the IJ's credibility finding was supported by substantial evidence, we cannot overturn the denial of Yan's application for asylum and withholding of removal.[1] *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). The IJ also properly denied Yan's CAT application, which rested on the same evidence and testimony as his asylum application. *Id.* at 1157.

_____

[1] While the dissent chides the majority for engaging in the same "trivial," "flyspecking" strain as the IJ to uphold the latter's adverse credibility finding, it does not dispute that our analysis is in accord with the REAL ID Act.

-3-

**PETITION DENIED.**

*Yan v. Holder*, No. 08-73948

NOONAN, Circuit Judge, dissenting:

      The inconsistencies and omissions identified by the Immigration Judge are of a trivial character without bearing on the credibility of Yan's testimony.  Subject to such flyspecking, few applicants for asylum and few appellate judges would pass as credible witnesses.  The IJ strains to find Yan not credible.  The court engages in the same strain.